**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-1496

ROWAN FAMILY DENTISTRY, INC.,
a Mississippi corporation,

    Plaintiff,

v.

MESA LABS, INC. a Colorado corporation,

    Defendant.

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**COMES NOW**, Rowan Family Dentistry, Inc. (hereinafter "Rowan Family Dentistry"), individually and on behalf of all others similarly situated and hereby files this Class Complaint against Mesa Labs, Inc. (hereinafter "Defendant" or "Mesa Labs") seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and alleges the following:

## I.    PARTIES

1.    Plaintiff Rowan Family Dentistry is a corporation organized and validly existing under the laws of Mississippi, and located in New Albany, Union County, Mississippi. Plaintiff Rowan Family Dentistry is a resident of Mississippi, and employs licensed dentists and trained dental staff to provide dental services to patients in Union County, Mississippi.

2. Defendant Mesa Labs is a public company that develops, manufactures and processes, high-quality process validation and monitoring instruments and consumables. According to information and belief, Defendant Mesa Labs has its principal place of business in Lakewood, Jefferson County, Colorado, is organized under the laws of Colorado, and is a resident of the State of Colorado.

## II.   JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1332 (diversity jurisdiction), and pursuant to the Act.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as this district is the District in which the Defendant Mesa Labs resides.

5. Defendant has purposely availed itself of this Honorable Court by conducting activities in this forum- namely sending unsolicited facsimiles to Plaintiff and to putative class members.

## III.   BACKGROUND

6. In 2009, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991, to prohibit fax transmissions containing unsolicited advertisements.

7. Specifically, the Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

8. An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

9. Numerous courts have held that individuals acting on behalf of a corporation may be held personally liable for violations of the Act where they had direct, personal participation in, or personally authorized, the conduct found to have violated the Act, or where they set company policy and oversaw day-to-day operations that violated the Act.

10. The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3).

## IV. FACTUAL OVERVIEW

11. According to information and belief, Defendant utilizes "fax blasting" activities to generate sales leads for its process validation and monitoring instruments and consumables.

12. Defendant's "fax blasting" activities include the transmission of thousands of unsolicited facsimiles throughout the country, including to facsimile machines located in the State of Mississippi, in an intentional and persistent course of conduct, to Plaintiff and the putative class members.

13. Defendant's wrongful activities also include the transmission of thousands of facsimiles throughout the country which failed to provide any "op-out" language, as explicitly required by the TCPA, including to telephone facsimile machines located in the State of Mississippi.

14. Said activities, directed to Plaintiffs' facsimile machines and other facsimile machines nationally, have violated certain provisions of the TCPA.

15.   On October 4, 2017, Defendant faxed an advertisement to Plaintiff Rowan Family Dentistry, annexed hereto and incorporated herein as Exhibit A, advertising its sterilizer minoring system, including the provision of weekly spore testing services. The fax promotes the sale of Defendant's sterilizer monitoring program to recipients, like Plaintiff Rowan Family Dentistry. Specifically, Defendant makes the following representations in the facsimile sent to Plaintiff: (1) "Find out why thousands of dental professionals trust Mesa Labs for their sterilizer monitoring needs"; (2) "Complete Paperless System"; (3) "Notification and Compliance Support;" and (4) "exclusive offer for **new customers**". Defendant also supplies a promo code and websites for the recipient of the fax to receive the first year of spore testing "for only $49.00". As such, Defendant's facsimile was sent for explicitly commercial purposes.

16.   Furthermore, Mesa Labs explicit representation that the facsimile was an "**exclusive offer for new customers**" establishes that (1) all said facsimiles were sent to new customers and not those who had an established business relationship , as that term is defined in the TCPA with Defendant Mesa Labs; and (2) it was Defendant Mesa Lab's intent to target those

17.   As a result of Defendant's unlawful issuance of facsimiles to Plaintiff and putative class members, Plaintiff and putative class members have suffered actual damages, in addition to statutory damages, as the conduct has intruded upon and occupied the capacity of their facsimile machines, depriving them of use of said machines, and forcing them to unnecessarily expend funds for paper and ink.

**V.     PLAINTIFF'S CLASS ALLEGATIONS**

18.   Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

19. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of itself and a Class of similarly situated individuals, defined as follows:

> Any and all individuals and entities, who or which, from 2014 to the present, received one or more unsolicited advertisements, advertising Mesa Labs' sterilizer monitoring system, which stated "Exclusive offer for New Customers", via facsimile from Defendant[1].

20. The class is ascertainable. Specifically, it is manageable and administratively feasible to determine the companies and individuals to which Defendant issued the facsimiles.

21. The members of the Class are so numerous that joinder of all members is impracticable.

22. The Plaintiff's treatment by the Defendant and manner of injury is typical of the members of the Class. Specifically, the Plaintiff is (1) a recipient of an unsolicited commercial advertisement from the Defendant; and (2) has suffered injuries recognized by statute as a result of receiving said unsolicited commercial advertisement.

23. The Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are competent and experienced in class litigation. The Plaintiff has no interests that are adverse or antagonistic to the Class.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per violation), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct

---

[1] Plaintiff reserves the right, if necessary, to amend or alter the class definition upon completion of discovery and notes "precedent … counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008).

alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing", as documented in the legislative record, is realized through the class action mechanism in this matter.

25. Common questions of law or fact exist as to all members of the Class, and predominate over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

    a. Whether Defendant is in violation of the Act?; and

    b. Whether Class members were recipients of unsolicited advertisements via facsimile?

26. The Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

27. Notice can be provided to the Class members via First Class U. S. mail, notice by publication, facsimile notice, e-mail notice, or other appropriate means as may be directed by the Court.

## COUNT I
## DEFENDANT'S VIOLATION OF THE
## THE ACT- UNSOLICITED FACSIMILES AND FAILURE TO
## INCLUDE AN OPT-OUT PROVISION

28. Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove. The Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

29. The Defendant did not have an Established Business Relationship (hereinafter "EBR"), as that term is defined by the Federal Communications Commission or in Act, with the Plaintiff. A true and correct copy of the Unsolicited Facsimile received by Plaintiffs are annexed hereto as Exhibit A. In said facsimile, the Defendant provides explicitly that it is an "exclusive offer for *new customers*." Ex. A (emphasis added).

30. Said transmission of the Unsolicited Facsimile, as provided for in Exhibit A, was made without the consent of the Plaintiff, and according to information and belief, without the assent of the putative class members.

31. According to information and belief, Defendant's facsimile machines, computers, and other devices are utilized to send unsolicited and unauthorized promotions to putative class members across the United States to secure sales within the United States, including within the State of Mississippi.

32. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C- §227(b)(3).

33. Defendant's actions, and/or those of their agents, have shown that Defendant willfully or knowingly violated the TCPA. As such, Plaintiff and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c). Plaintiff and putative class members are also entitled to the creation of a Defendant-funded and Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendant's compliance with the Act.

## COUNT II
## DECLARATORY JUDGMENT

34. Plaintiff adopts and incorporates each and every allegation set forth above as if fully set forth herein.

35. Defendant has engaged in the practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine owned and controlled by Plaintiff and others similarly situated.

36. There is a substantial and continuing controversy between Defendant and Plaintiff, and all others similarly situated, and a declaration of rights is both necessary and appropriate as to whether or not Defendant's faxes violate the Telephone Consumer Protection Act, and regulations and rules enacted thereunder.

## COUNT III
## INJUNCTION

37. Plaintiff adopts and incorporates each and every allegation set forth above as if fully set forth herein.

38. Defendant's practice of sending, or causing to be sent, unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by Plaintiff, and other similarly situated individuals and/or entities, will continue to cause Plaintiff and others similarly situated to be damaged by causing the computer, facsimile machine, or other device to be rendered unavailable for legitimate business messages or facsimiles, to cause Plaintiff and others similarly situated to waste time reviewing Defendant's unsolicited advertisement, as well as wasting materials of

Plaintiff and others similarly situated, such that final injunctive relief prohibiting Defendant's practice of sending, or causing to be sent, unsolicited advertisements is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully prays that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

A. Certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Declare that the Defendant's practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

C. Award to the Plaintiff, and putative class members, damages under the Act, or other such applicable laws;

D. Award to the Plaintiff, and putative class members, the cost of this matter, including reasonable attorneys' fee;

E. Issue a permanent injunction enjoining the Defendant from sending facsimiles in a nature which is violative of the Act; and

F. Award to the Plaintiff and the putative class members such other, further and more general relief, as the Court may deem appropriate under these circumstances.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this the 15th day of June, 2018.

*s/ Meghan C. Quinlivan*
Meghan C. Quinlivan
**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, CO 80112
Phone: (303) 792-5595
Email: mquinlivan@burgsimpson.com
Diandra S. Debrosse Zimmermann
**ZARZAUR MUJUMDAR & DEBROSSE**
2332 2nd Avenue North
Birmingham, Alabama 35203
Phone: 205-983-7985
Email: fuli@zarzaur.com

L. N. Chandler Rogers
**ROGERS LAW GROUP, P.A.**
201 E. Bankhead St.
New Albany, MS 38652
Phone: 662-538-5990
Email: crogers@rogerslawgroup.com

Winston Bryan Collier
**THE COLLIER FIRM, PA**
Po Box 534
Augusta, AR 72006
Phone: (870) 347-2100
Email: winston@thecollierfirm.com

*Counsel for Plaintiff*